Mohammed Sulliman Al WAWI, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–4292.

United States Court of Appeals, Sixth Circuit.

March 18, 2004.

Before: KRUPANSKY and GILMAN, Circuit Judges; RUSSELL, District Judge.*

*ORDER*

Mohammed Sulliman Al Wawi, a native and citizen of Jordan, petitions for review of the order of the Board of Immigration Appeals (BIA) that affirmed the decision of an Immigration Judge (IJ) to deny his application for asylum and withholding of removal. The parties are represented by counsel and have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Al Wawi last entered the United States in November 1997 as a visitor. The Immi-

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

gration and Naturalization Service began removal proceedings in April 1999 because Al Wawi remained in the United States beyond the authorized period of admission. Al Wawi conceded that he was removable and applied for asylum. An IJ held a hearing on Al Wawi's application on April 4, 2001. Al Wawi testified that he was afraid to return to Jordan because he had an extramarital affair with a woman there and believed that the woman's family would kill him to preserve the family's honor. The IJ denied Al Wawi asylum and withholding of removal and granted him voluntary departure. The BIA affirmed the IJ's decision without opinion, and Al Wawi filed a timely petition for review.

In his petition for review, Al Wawi argues that: (1) the BIA erred in upholding the IJ's finding that a male's fear of an honor killing is not an appropriate ground for asylum; and (2) the BIA erred in upholding the IJ's finding that Al Wawi did not meet his burden of establishing a well-founded fear of future persecution.

We review a decision denying asylum to determine whether it is supported by substantial evidence, and may not grant a petition for review merely because we would have decided the case differently. *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir.1998). A petition for review may be granted only if the evidence would compel a reasonable fact-finder to find the requisite fear of persecution. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Upon review, we conclude that the petition for review must be denied. The IJ found that Al Wawi had offered no objective evidence that the cultural practice of "honor killing" extended to men, that Al

Wawi was never threatened directly, and that Al Wawi had failed to corroborate the existence of a threat. Each of the IJ's conclusions is supported by substantial evidence, and Al Wawi presented insufficient proof to establish either past persecution or an objectively reasonable, well-founded fear of future persecution. *See Ouda v. INS*, 324 F.3d 445, 451 (6th Cir.2003).

For the foregoing reasons, the petition for review is denied.